UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESLIE MCDERMOTT,

                Plaintiff

v.

DEME OFFSHORE US, INC.,

                Defendant

Docket No.

COMPLAINT AND JURY DEMAND

### Original Complaint - Jury Requested

Leslie McDermott, Plaintiff, files this original complaint against DEME Offshore US, Inc..

### Parties

1. Leslie McDermott is a resident of the State of Florida.

2. DEME Offshore US, Inc., Inc. is a foreign corporation organized under the laws of Delaware and having a principal place of business in Massachusetts, and at all time relevant hereto, operated the vessel *Orion* upon which Plaintiff was injured.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1333 which grants concurrent jurisdiction to federal courts over Jones Act Claims and the amount in controversy exceeds $75,000.

4. Personal jurisdiction is proper in this Court because Defendant is headquartered in the Commonwealth of Massachusetts.

5. Venue is proper in this Court because Defendant's principal place of business is in the Commonwealth of Massachusetts in the city of Boston.

## Background

6.      Leslie McDermott sustained injuries on March 15, 2025, while working for Defendant as a grouter and member of the crew of Defendant's vessel *Orion*. On the day of the incident, Mr. McDermott tripped over a piece of metal that was protruding from the deck. As a result of the fall, Mr. McDermott sustained serious injuries to his knee that have caused persistent pain. Mr. McDermott has been recommended to undergo a surgical procedure.

7.      The protruding metal piece that caused Mr. McDermott's fall was a known hazard that should have been marked with high-visibility paint or otherwise repaired. There had been previous complaints about this hazard, yet Defendant had failed to address it properly.

8.      Despite his injury, Mr. McDermott was provided only with painkillers by the onboard medic and advised to rest. He was unable to seek proper medical treatment until the vessel docked on March 17, 2025, two days after his injury.

9.      When the vessel docked, Mr. McDermott went to the emergency room in Virginia where doctors recommended he get an MRI and consult with an orthopedic surgeon to fully assess his injury.

10.     Following the incident, Defendant removed Mr. McDermott from work and flew him back to Florida, his state of residence. Since then, Defendant has ignored Mr. McDermott's calls and has failed to provide cure or maintenance as required under the law. Mr. McDermott has been left without the means to pay for needed medical care or cover expenses, causing additional and unneeded suffering.

**Count One - Jones Act Negligence**

11. Defendant DEME Offshore US, Inc. Inc. is Mr. McDermott's Jones Act employer and Mr. McDermott was a grouter working on the vessel at the time of the injury. As such, Mr. McDermott is protected from the negligence of DEME Offshore US, Inc. by the Jones Act. Mr. McDermott's injuries were a direct result of the negligence of DEME Offshore US, Inc. who failed at each instance to observe fundamental health and safety concerns, including, but not limited to, failures in the provision and implementation of regular safety policies; failures in identifying and correcting known hazards; failures in job planning and hazard assessment; failures in the provision of safe equipment; failing to provide a safe and seaworthy vessel, and failures in its maintenance and supervision.

12. The negligence of DEME Offshore US, Inc. was a proximate cause of the occurrence in question. Defendant breached its legal duties and caused damages and injuries to Mr. McDermott. Before being injured, Mr. McDermott was able to perform his duties as a grouter without difficulty. Mr. McDermott did nothing to cause or contribute to his injuries.

13. DEME Offshore US, Inc. controlled the vessel in operation on the date of the incident and at all material times. DEME Offshore US, Inc. also controlled the details of the work being performed on the vessel and elsewhere by the vessel's crew and had knowledge of the hazardous condition that caused Mr. McDermott's injury. DEME Offshore US, Inc. had the right to control and supervise the details of the procedures, equipment, devices, instructions, methods, and manner of work at all times material. DEME Offshore US, Inc. did not use ordinary care when supervising and controlling the work, and the failure to use ordinary care was negligent and a proximate cause of the incident and Mr. McDermott's injuries.

14.     Defendant was also grossly negligent and acted with malice, as that term is understood under the law, and such conduct was a proximate cause of Mr. McDermott's injuries. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for their callous disregard and as a deterrent to others from engaging in similar conduct. Mr. McDermott asks for punitive and exemplary damages.

15.     DEME Offshore US, Inc. is legally responsible to Mr. McDermott for the negligent conduct of their employees under the legal doctrines of respondeat superior, agency and/or ostensible agency because Defendant's employees were at all times material hereto agents, ostensible agents, servants and/or employees of said Defendant, and were acting within the course and scope of such agency or employment. As a result thereof, Defendant is liable for all negligence of their employees.

## Count Two - Unseaworthiness

16.     DEME Offshore US, Inc. is the registered owner and/or operator of the vessel *Orion* upon which Mr. McDermott was injured. The owner/operator of a vessel has a duty to ensure the seaworthiness of the vessel.

17.     DEME Offshore US, Inc. failed in its duty to provide a seaworthy vessel. Specifically, the vessel was rendered unseaworthy due to: (i) the protruding metal piece on the deck that created a hazardous condition, (ii) the failure to properly mark or repair known hazards on the vessel, and (iii) the failure to implement and enforce appropriate safety procedures onboard. These failings were a proximate cause of the injuries sustained by Mr. McDermott.

18.     By allowing a known hazard to remain on the vessel's deck without proper marking or repair, DEME Offshore US, Inc. exposed the crew, including Mr. McDermott, to unnecessary

risks. This decision reflected a negligent disregard for the safety of the crew and contributed directly to the incident that led to Mr. McDermott's injuries.

19. Moreover, the company's failure to properly maintain its vessel and implement sufficient safety measures further rendered the vessel unseaworthy. Despite being aware of the potential risks involved in the operation of the vessel, the company neglected to put in place effective mechanisms for identifying and managing these risks, thus creating an unsafe working environment.

20. As a result of the aforementioned factors, the vessel was not in a condition suitable for its intended purpose on the day of the incident. Therefore, Mr. McDermott seeks damages from DEME Offshore US, Inc. on the grounds of unseaworthiness.

## Count Three - Maintenance and Cure

21. Mr. McDermott is a Jones Act seaman and is entitled to recover maintenance and cure while he is recovering from his injuries until he reaches maximum medical improvement. Mr. McDermott, therefore, includes in this lawsuit his legal claims for maintenance and cure, both past and future.

22. Defendant failed to timely and properly pay maintenance and cure. As a result of Defendant's failure to provide adequate cure, Mr. McDermott suffered additional damages and, therefore, has an additional cause of action and is entitled to reasonable and necessary attorney fees and costs.

23. Further, under the authority of the U.S. Supreme Court's decision in Atlantic Sounding v. Townsend, 557 U.S. 404 (2009), Defendant's failure to pay maintenance and cure justifies punitive and exemplary damages.

### Legal Damages

24.     As a result of the incident, Mr. McDermott sustained pain and mental anguish and will likely sustain pain and mental anguish in the future. Mr. McDermott also suffered physical impairment and will likely be physically impaired in the future. Mr. McDermott has received medical treatment and has past medical expenses. Mr. McDermott will need continued medical treatment in the future, including surgery. Defendant is financially responsible for Mr. McDermott's medical treatment. The medical treatment has been reasonable and necessary both in terms of the procedures and treatments themselves and the costs associated with these treatments.

### Punitive Damages

25.     Because Defendant failed to properly provide maintenance and cure, Mr. McDermott brings a cause of action for punitive damages for gross and reckless decisions, acts, and/or omissions. Additionally, Defendant has been grossly negligent and punitive damages should be assessed for their gross negligence.

### Pre- and Post-Judgment Interest

26     Mr. McDermott is entitled to pre-judgment interest in accordance with law and equity as part of his damages, along with post judgment interest to the extent allowed by law.

### Jury Demand

27.     Mr. McDermott demands a trial by jury.

**WHEREFORE**, Mr. McDermott prays Defendant be cited to appear and answer, he recovers his damages in accordance with the evidence, he recovers costs of Court herein, he recovers attorney fees and interest, both pre- and post-judgment, to which he is entitled under law, and for any other relief, general and special, legal and equitable, to which he may show himself legally entitled.

        Respectfully submitted,

        HUNT & VIVEIROS, LLC

        *Attorneys for Plaintiff Leslie McDermott*

        By: */s/ Matthew Viveiros*
        Matthew Viveiros (#674224)
        18 N. Water Street
        New Bedford, MA 02740
        Tel: 508-994-7300
        Fax: 508-984-0755
        mv@huntviveiroslaw.com

        and

        VB Attorneys,

        */s/ Brian Beckcom*
        Brian Beckcom, Esq.
        Brian@vbattoneys.com

        */s/ Brendan Fradkin*
        Brendan Fradkin, Esq.
        Brendan@vbattorneys.com
        6363 Woodway Drive, Suite 400
        Houston, Texas 77057
        713-224-7800
        Applying for Admission *Pro Hac Vice*